## ROSASCO et al. v. PITCH PINE LUMBER CO.

(District Court, S. D. New York. February 26, 1903.)

1. SHIPPING—CONSTRUCTION OF CHARTER PARTY—CANCELING DATE.

 A provision of a charter party requiring the vessel to sail in ballast for the port of loading within 48 hours after notice from the charterer is not a condition precedent, a breach of which entitles the charterer to cancel the contract, where there is a subsequent provision for a canceling date if the vessel shall not have arrived at the port of loading, and she arrives within the time so fixed. In such case the breach of the first condition merely gives a right of action for damages.

In Admiralty. Suit for breach of charter party.

Convers & Kirlin, for libellants.

Wing, Putnam & Burlingham, for respondent.

ADAMS, District Judge. This is an action brought by the libellants to recover damages for an alleged breach of a charter party of the Italian bark Giulia R, made at New York on the 31st day of July, 1901. The contract provided, inter alia, that the bark was then lying in the harbor of Venice and should proceed thence to Ship Island or Pensacola, charterers' option, for a voyage to "Montevideo, Buenos Ayres, or Bahia Blanca, A. R., orders on signing B/L. Loading port to be named before vessel leaves Venice, but vessel to sail 48 hours after orders are given," with a full cargo of lumber at specified rates. It was also provided that the vessel should proceed with all possible dispatch from Venice to loading port as ordered, in ballast, to enter upon the charter, and that the charterers

should have option of "cancelling charter if vessel not arrived at loading port by Nov. 15th, 1901."

On the 13th of August, 1901, the respondent gave orders, in conformity with the provision to that effect, for the vessel to proceed to Ship Island for cargo. She was not, however, able to comply with the orders within the forty-eight hours thereafter, owing to the desertion of about half of her crew, and she did not sail until the 22nd day of August, 1901. She reached her destination and reported for cargo on the 12th day of November, 1901. The respondent was not aware that the bark had failed to comply with the orders in the stipulated time, until after she had arrived at Ship Island, when the respondent immediately notified the master of the bark that it elected to cancel the charter, because of the violation of the provision for sailing.

Prior to this notice, the charterers' agent at Ship Island sent two letters to the master, the first of which contained instructions to report to a Mr. Ladnier, a stevedore, who was deputed by the respondent to report the arrival to it. The letter also recommended Mr. Ladnier for employment as stevedore in the loading of the cargo. The second letter was similar to the first in the latter respect. As these were written without knowledge on the respondent's part of the late sailing, they can have no effect upon the matter.

The question presented for decision is, whether the provision for sailing within forty-eight hours was a condition precedent, the breach of which entitled the respondent to cancel the contract.

The respondent contends that the breach of the provision gave it an absolute right to refuse the vessel when tendered.

The libellants contend that the covenant for sailing was not a condition precedent, in view of the subsequent provision in the contract for a cancelling date and as the vessel reached the loading port before the expiration of the time fixed for cancellation. The first provision must be regarded as an independent covenant, which entitled the charterers to damages, if they had suffered any.

I consider that the libellants' contention is the correct one. Standing alone, the provision for sailing would be deemed a condition precedent. Pedersen v. Pagenstecher (D. C.) 32 Fed. 841; Davison v. Von Lingen, 113 U. S. 40, 5 Sup. Ct. 346, 28 L. Ed. 885. The subsequent provision for a cancelling date, however, showed that it was not the intention of the parties, that the first provision should be so regarded. Time was of the essence of the contract and the provisions required the vessel to sail in season to prevent a frustration of the objects of the voyage, under pain of cancellation of the contract, but as it appears that notwithstanding the delay, she did sail in time for this purpose, and reached the loading port before the cancellation date fixed by the subsequent provision, there can be no cancellation because of the breach but merely a right of damages.

My attention has not been called to any authority directly in point but this conclusion seems to be in conformity with the general principles governing the construction of such provisions in charter parties. Scrutton on Charter Parties (4th Ed.) p. 68.

Decree for libellants, with order of reference.